UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE SCOTT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. YOUNG and CHARLES EDWARDS,<br><br>　　　　Defendants. | Case No.　1:20-cv-317-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISREGARD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 38)<br><br>APRIL 17, 2024 DEADLINE |

　　　　Pending before the Court is Defendants T. Young and Charles Edwards' Motion for Summary Judgment. (Doc. No. 37, "MSJ"). In response, Plaintiff filed a Motion directing the Clerk of Court to disregard the MSJ because it was filed prematurely and not in compliance with the Court's Discovery and Scheduling Order ("DSO"). (Doc. No. 38, "Plaintiff's Motion"). For the reasons set forth below, the Court denies Plaintiff's Motion.

**BACKGROUND**

　　　　Plaintiff, a state prisoner, is proceeding on his Second Amended Complaint alleging an Eighth Amendment deliberate medical indifference claim against Defendants Young and Edwards. (*See* Doc. No. 29). On August 9, 2023, after Defendants filed an answer, the Court

1

issued a Discovery and Scheduling Order. (Doc. No. 35, "DSO"). The DSO set a May 9, 2024 deadline to complete discovery and an August 9, 2024 deadline to file dispositive motions. (*See* Doc. No. 35 at 1).

On February 13, 2024, Defendants filed a Motion for Summary Judgment, asserting that there is no genuine dispute of material fact that Defendants are entitled to judgment as a matter of law, that they are entitled to qualified immunity, and that Plaintiff's claim is barred by the statute of limitations. (*See generally* Doc. No. 37). On February 29, 2024, Plaintiff filed a pleading titled "Motion for Order Directing the Clerk of Court to Disregard Defendant's [sic] Filing of Notice of Motion and Motion for Summary Judgment Instructing Defendants' [sic] to Maintain Compliance With Court-Ordered Case Management Deadlines." (Doc. No. 38, "Motion"). Liberally construed, Plaintiff's Motion asserts that Defendants prematurely filed their MSJ because discovery remains outstanding and under the DSO they may not file a dispositive motion until the discovery deadline has passed. (*Id.* at 3-4). Specifically, Plaintiff states that on February 21, 2024, he submitted to correctional officials for mailing Requests for Admission ("RFAs") for Defendants Young and Edwards, which remained unanswered when they filed their MSJ. (*Id.* at 4). Plaintiff attaches to his Motion the RFAs and 130 pages of additional exhibits. (*See id.* at 6-140).

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56(b) states that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." While this Court has set an August 9, 2024 deadline for dispositive motions (Doc. No. 35), it has not stated that the parties could not file dispositive motions prior to the close of discovery. *See Jaramillo v. Tappan*, 2023 WL 8599714, at *1 (E.D. Cal. July 12, 2023) (finding MSJ not premature when filed prior to close of discovery). Thus, Defendants' MSJ is not *per se* premature because it was filed before the close of discovery.

To the extent Plaintiff asserts that he requires additional time to conduct discovery before filing a response to Defendants' MSJ, he may file a motion pursuant to Federal Rule of Civil Procedure 56(d) in response to the MSJ. Summary judgment is generally only appropriate after a

2

nonmovant has had adequate time for discovery. Rule 56(d) of the Rules of Civil Procedure governs when facts are unavailable to a nonmovant and provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Local Rule 260(b) similarly provides that a party may oppose a summary judgment motion due to the need to conduct further discovery when the motion "provide[s] a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." The party moving under Rule 56(d) bears the burden of demonstrating the requisite basis for relief. *Atay v. Cty. Of Maui*, 842 F.3d 688, 698 (9th Cir. 2016). The purpose of Rule 56(d) is "to prevent a party form being unfairly thrown out of court by a premature motion for summary judgment." *See Jackson v. Riebold*, 815 F.3d 1114, 1121 (9th Cir. 2016) (citations omitted); *see also Burlington Northern Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 773 (9th Cir. 2003).

To obtain a Rule 56(d) continuance, the nonmovant "must demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *United States v. 5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir. 1986) (quoting *Securities & Exchange Commission v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir. 1980), cert. denied, 449 U.S. 1082, (1981)). The nonmovant "must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619-20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)). Rule 56(d) does not condone a fishing expedition and mere speculation about outstanding discovery needed is insufficient. *See Securities Exchange Commission v. Stein*, 906 F.3d 823, 832 (9th Cir. 2018); *see also Singh v.*

*American Honda Finance Corporation*, 925 F.3d 1053, 1076 (9th Cir. 2019) (finding no abuse of discretion when district court denied Rule 56(d) motion because non-movant provided only conclusory statements to support more time for discovery).

As noted above, the mere fact that Defendants filed a Motion for Summary Judgment prior to the close of discovery does not make it premature or justify Plaintiff's request that Defendants' Motion be stricken. Thus, Plaintiff is required to file a response to Defendants' MSJ. *See* Local Rule 230(l). To the extent Plaintiff seeks additional time to conduct discovery before filing a response to the MSJ, he must file an appropriate motion the conforms to the requirements of Rule 56(d).

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Disregard Defendants' Motion for Summary Judgment (Doc. No. 38) is **DENIED** for the reasons set forth herein.

2. Plaintiff shall deliver his response to Defendants' MSJ to correctional officials for mailing **no later than April 17, 2024**, after which time the Court will deem Defendants' MSJ submitted for review.

Dated:     March 11, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE