UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RENEE SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> T. YOUNG and CHARLES EDWARDS, <br><br> Defendants. | Case No. 1:20-cv-00317-JLT-HBK (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO COMPEL <br><br> (Doc. No. 40) <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME <br><br> (Doc. No. 41) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO STRIKE <br><br> (Doc. No. 43) |

Pending before the Court are three Motions filed by Plaintiff Andre Renee Scott. On April 5, 2024, Plaintiff filed a Motion to Compel Production of Documents (Doc. No. 40) and a Motion for Continuance to complete discovery and file an Opposition to Defendants' Motion for Summary Judgment (Doc. No. 41), which the Court construes as a Motion for Extension of Time. Defendants filed a joint response to the Motions. (Doc. No. 42). On April 17, 2024, Plaintiff filed a Motion to Strike Defendants' Motion for Summary Judgment. (Doc. No. 43). The same day, Defendants filed a response. (Doc. No. 44). For reasons set forth below, the Court denies the Motion to Compel and Motion to Strike and grants in part the Motion for Extension of Time.

////

1

### 1. MOTION TO COMPEL

In his Motion to Compel, Plaintiff seeks to compel Defendants to produce additional documents related to his health care requests, specifically nursing encounter forms, and documents related to his off-site dental treatment. (*See* Doc. No. 40). Plaintiff contends Defendants response that there are no more responsive documents is "untrue" citing the Court's April 19, 2023 Screening Order and that the Court should compel production of the documents pursuant to Rule 37 of the Federal Rules of Civil Procedure. (*Id*. at 3-4). In response to the Motion, Defendants advise that they produce all documents in their possession for: (1) CDC 7362 Health Care Services Request Form Tracking #6358278 dated May 11, 2018; (2) CDC 7362 Health Care Services Request Form Tracking #7044924 dated August 10, 2018; and (3) CDC 7362 Health Care Services Request Form Tracking #6814489 dated September 20, 2018. (Doc. No. 42 at 2). Further, because Plaintiff was never sent off-site for dental care, they have no such documents. (*Id*.).

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. *Id*. If a party "fails to respond" as requested under Rule 34, the propounding party may file a motion to compel production of documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). An "incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery." *Hasan v. Johnson,* 2012 WL 569370 *2, 2012 U.S. Dist. LEXIS 21578 at *5 (E.D.Cal. Feb. 21, 2012) (citing *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002)).

Initially, Plaintiff's Motion is facially deficient. Under the Federal Rules of Civil Procedure and local rules of this Court, a party must confer or attempt to confer with the opposing party to resolve a discovery dispute before filing a motion to compel. Fed. R. Civ. P. 37(a)(1); *see* Local Rule 251(b); *see also* Doc. No. 35 at 2 (apprising the parties of the meet and confer

requirement). Plaintiff does not provide any certification indicating he complied with the meet and confer mandate. Because Plaintiff failed to do so before filing his motion to compel, the motion is facially deficient, and the Court may deny it on that basis alone.

Nonetheless, the Court finds Plaintiff's motion to compel is due to be denied on the merits. While clearly Plaintiff's requests for the nursing encounter forms for each of his three Health Care Request Forms appear to be relevant, Defendants states that they "have produced all the documents in their possession regarding those three tracking numbers." (Doc. No. 42 at 2 *citing* to Doc. No. 40 at 13-15). Plaintiff does not provide any basis as to why he believes there are additional documents in Defendants' possession that they have not produced. Further, as the Court noted in the referenced Screening Order, Plaintiff's Second Amended Complaint is based on the alleged *failure* to refer him for outside dental or medical care for his abscessed tooth. (*See generally* Doc. No. 28; Doc. No. 29 at 3-4). Thus, the Court has no basis to find that any relevant documents exist that Defendants have not produced or are withholding in violation of Rule 34. Consequently, the Court will deny the motion to compel.

## 2. MOTION FOR EXTENSION OF TIME

In his second motion filed April 5, 2024, Plaintiff seeks additional time to complete discovery and file his opposition to Defendants' MSJ. (Doc. No. 41). Plaintiff contends that Defendants have not yet responded to his Requests for Admission, propounded on February 21, 2024, and that Defendants have failed to produce the documents sought in his Motion to Compel. (*Id*. at 1-3). In response, Defendants state they have no objection to providing Plaintiff with a further extension of time but argue there is no basis for further discovery because they have filed declarations in support of their Motion for Summary Judgment. (Doc. No. 42 at 2).

As noted above, the Court finds no evidence to support Plaintiff's claim that Defendants are withholding responsive documents related to a referral of Plaintiff for outside medical or dental care. Thus, this is not a basis for extending discovery. As to Plaintiff's Requests for Admission ("RFAs"), it is not clear from the pleadings what response Defendants provided beyond producing the relevant documents. To the extent Defendants did not fully respond to Plaintiff's RFAs, the matter is admitted pursuant to Rule 36 of the Federal Rules of Civil

1  Procedure given that more than 30 days have elapsed since Plaintiff propounded the RFAs.  *See*
2  Fed. R. Civ. P. 36 (a)(3) ("The matter is admitted unless, within 30 days after service of the
3  request, or within such shorter or longer time as the court may allow or as the parties may agree
4  to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party
5  requesting the admission a written answer or objection addressed to the matter, signed by the
6  party or by the party's attorney").  Thus, even if Defendants did not provide a complete response
7  to Plaintiff's RFAs, not admitted, this does not provide good cause to continue discovery.
8        To the extent Plaintiff seeks an extension of time to file an opposition to Defendants'
9  Motion for Summary Judgment, however, the Court grants that request and provides Plaintiff an
10 extension of 30 days in which to do so.

**3. MOTION TO STRIKE**

12       In his Motion to Strike, Plaintiff asks the Court to strike Defendants' Motion for Summary
13 Judgment because "a large portion [of the motion] is based on" Plaintiff's <u>First</u> Amended
14 Complaint, rather than Plaintiff's operative Second Amended Complaint.  (*See* Doc. No. 43).
15 Plaintiff appears to be referencing the first heading under the Statement of Facts in Defendants'
16 MSJ ("Plaintiff's Contentions in the First Amended Complaint and the Order of Service.").  In
17 response, Defendants note the error but acknowledge that all of the docket references in its
18 Motion for Summary Judgment are to Plaintiff's Second Amended Complaint as filed at Doc. No.
19 28.  (Doc. No. 44 citing Doc. No. 37).  Thus, Plaintiff's Motion appears to be based on a minor
20 scrivener's error in Defendants' Motion for Summary Judgment, which Defendants acknowledge.
21 A scrivener's error does not warrant striking Defendants' Motion for Summary Judgment.
22       Accordingly, the Court **ORDERS**:
23     1. Plaintiff's Motion to Compel (Doc. No. 40) is **DENIED**.
24     2. Plaintiff's construed Motion for Extension of Time (Doc. No. 41) is **GRANTED IN**
25        **PART**, as set forth herein.  Plaintiff shall deliver his Opposition to Defendants'
26        Motion for Summary Judgment (Doc. No. 37) to correctional officials for mailing  no
27        later than **May 23, 2024**.  If Plaintiff fails to timely file an opposition to the Motion for
28        Summary Judgment in compliance with this order the Court will deem the Motion

1 | submitted on the record before the Court.

2 |    3. Plaintiff's Motion to Strike (Doc. No. 43) is **DENIED**.

Dated:   April 19, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE