**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRE RENEE SCOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. YOUNG and CHARLES EDWARDS,<br><br>　　　　　Defendants. | Case No. 1:20-cv-0317 JLT HBK<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDERS<br><br>(Docs. 47, 48) |

Andre Renee Scott seeks to hold the defendants liable for deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. (*See* Doc. 29.) Plaintiff seeks reconsideration of several orders issued by the magistrate judge pursuant to Rule 72 of the Federal Rules of Civil Procedure. (Docs. 47, 48.) For the reasons set forth below, Plaintiff's requests for reconsideration are **DENIED**.

**I.     Background**

Andre Renee Scott initiated this action by filing a complaint on March 2, 2020. (Doc. 1.) Plaintiff filed his first amended complaint on December 14, 2022. (Doc. 23.) After the Court granted leave to amend, he filed a second amended complaint on March 23, 2023. (Doc. 28.) The Court found Plaintiff stated a cognizable claim in the second amended complaint for Eighth Amendment medical deliberate indifference against defendants Young and Edwards and directed service of the SAC. (Docs. 29, 30.)

1

1    After the defendants filed an answer, the Court issued the "Discovery and Scheduling
2    Order," setting forth the deadlines for this action. (Doc. 35.) The Court ordered the parties to
3    complete all non-expert discovery no later than May 9, 2024 and to file any dispositive motions
4    no later than August 9, 2024. (*Id.* at 3.) The parties were informed the deadlines are firm and
5    would "only be extended upon a showing of good cause." (*Id.*)
6    On February 13, 2024, Defendants filed a motion for summary judgment. (Doc. 37.)
7    Plaintiff requested the Court disregard the MSJ, asserting it was filed prematurely and not in
8    compliance with the Scheduling Order. (Doc. 38.) The Court denied the motion, explaining "the
9    mere fact that Defendants filed a Motion for Summary Judgment prior to the close of discovery
10   does not make it premature or justify Plaintiff's request that Defendants' Motion be stricken."
11   (Doc. 39 at 4.) The Court explained that Plaintiff was "required to file a response to Defendants'
12   MSJ," and to the extent he needed additional discovery before responding, Plaintiff "must file an
13   appropriate motion [that] conforms to the requirements of Rule 56(d)." (*Id.*) The Court directed
14   Plaintiff to "deliver his response to Defendants' MSJ to correctional officials for mailing no later
15   than April 17, 2024." (*Id.*, emphasis omitted.)
16   In April 2024, Plaintiff moved to compel Defendants to produce additional responses to
17   his discovery requests (Doc. 40); requested an extension of time to respond to the pending MSJ
18   (Doc. 41); and moved to strike the MSJ pursuant to Rule 12(f), on the grounds that Defendants
19   referred to allegations in the FAC in their motion, and the FAC was superseded by the SAC
20   (Doc. 43). The assigned magistrate judge denied Plaintiff's motion to compel, finding it suffered
21   both procedural and substantive deficiencies and there was "no basis to find that any relevant
22   documents exist that Defendants have not produced or are withholding in violation of Rule 34."
23   (Doc. 45 at 2-3.) The magistrate judge also found these identified discovery issues were "not a
24   basis for extending discovery," and Plaintiff did not demonstrate good cause for a continuance.
25   (*Id.* at 3-4.) Nevertheless, the magistrate judge granted Plaintiff an extension of time to file a
26   response to the MSJ. (*Id.*) Finally, the magistrate judge found the motion to strike "appear[ed]
27   to be based on a minor scrivener's error," and did not warrant striking the MSJ. (*Id.* at 4.) The
28   magistrate judge denied the motion and ordered Plaintiff to "deliver his Opposition to

1  Defendants' Motion for Summary Judgment … to correctional officials for mailing no later than
2  May 23, 2024." (*Id.* at 4, emphasis omitted.)  Plaintiff was advised that if he "fail[ed] to timely
3  file an opposition to the [MSJ] … in compliance with this order the Court will deem the Motion
4  submitted on the record before the Court."  (*Id.* at 4-5.)

5        Plaintiff requests reconsideration of the magistrate judge's orders declining his request to
6  extend discovery, directing him to submit a response to the MSJ, and denying the motion to
7  strike.  (Doc. 47.)  Plaintiff also filed a request for judicial notice, which appears to relate to his
8  request for reconsideration of the order denying his motion to strike.  (Doc. 48.)

9  **II.**     **Reconsideration by the District Judge**

10        Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, non-dispositive pretrial
11  matters may be referred to and decided by a magistrate judge, subject to review by the assigned
12  district judge. Fed. R. Civ. P. 72(a).  However, when a party seeks reconsideration of the
13  magistrate judge's order, the district judge "may not simply substitute its judgment for that of the
14  deciding court."  *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988).  A district judge
15  shall modify or set aside an order when it is "clearly erroneous or contrary to law."  28 U.S.C. §
16  626(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019).

17        The "clearly erroneous" standard applies to factual findings and is "significantly
18  deferential."  *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997);
19  *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011).  This requires the
20  district judge to be "left with the definite and firm conviction" that the magistrate judge made a
21  mistake. *Avalos*, 798 F.Supp.2d at 1160.  When a challenged order "turns on a pure question of
22  law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72(a)
23  standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).  "An order is contrary
24  to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."
25  *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).  Consequently,
26  challenged factual conclusions are reviewed for clear errors, while legal conclusions are reviewed
27  to determine whether they are contrary to law.
28  ///

### III. Request for Judicial Notice

Plaintiff requests judicial notice of several documents in support of his motion for reconsideration, including: (1) order denying Plaintiff's motion to strike [Doc. 45]; (2) Defendants' response to Plaintiff's motion to strike [Doc. 44]; (3) Defendants' notice and motion for summary judgment [Doc. 37]; (4) the amended complaint filed on December 4, 2020 [Doc. 20]; and (5) the SAC filed March 23, 2023 [Doc. 28]. (Doc. 48.)

The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. However, the Court need not take judicial notice of prior filings submitted in the same case. *See, e.g.*, *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 935 F. Supp. 2d 968, 979 (E.D. Cal. 2013) (unnecessary to take judicial notice of a prior order in the same case); *Ortega v. Univ. of the Pac.*, 2013 WL 6054447, at *3 (E.D. Cal. Nov. 15, 2013) (finding it unnecessary to take judicial notice of a complaint filed in the same case). Therefore, the request for judicial notice is **DENIED**.

### IV. Discussion and Analysis

Plaintiff asserts the magistrate judge exceeded her jurisdiction by ordering Plaintiff to respond to the MSJ no later than May 23, 2024, and advising him that failure to do so would respond in the motion being submitted on the record before the Court. (Doc. 47 at 2-3.) He contends the failure to extend the briefing deadline was "clearly erroneous." (*Id.* at 3, emphasis omitted.) He also asserts the magistrate judge erred because she "admitted into evidence defendants' 'declarations in support of their motion for summary judgment', containing confidential information," which was not accompanied by certification of the custodian of record. (*Id.* at 3.) Finally, Plaintiff contends the magistrate judge erred by issuing a ruling on the motion to strike "without first allowing plaintiff an opportunity to serve and file a reply." (*Id.* at 4.)

As an initial matter, to the extent Plaintiff contends the magistrate judge lacked jurisdiction—or authority—to rule on his motion to compel discovery and order a deadline for Plaintiff to file an opposition to the MSJ, the magistrate judge did not exceed the authority

granted. Pursuant to 28 U.S.C. § 636(b), magistrate judges may decide pretrial matters, which include discovery issues and scheduling matters. *See* 28 U.S.C. § 636(b); *see also Whitsitt v. City of Tracy*, 2016 WL 1357566 at *4 (E.D. Cal. Apr. 6, 2016) (noting the magistrate judge has "broad authority over motions related to discovery"); *Olmos v. Ryan*, 2012 WL 1580555 (D. Az. May 4, 2014) (observing a magistrate judge has the authority to rule on "nondispositive, pretrial matters," including scheduling matters.) Thus, it was within the authority of the magistrate judge to address the nondispositive matters of a discovery dispute and briefing schedule.

Plaintiff contends the magistrate judge's order imposing an opposition deadline and declining to extend the briefing schedule was "contrary to" Rule 6 of the Federal Rules of Civil Procedure, which provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). However, Plaintiff fails to show that he did, in fact, establish the good cause required for an extension under Rule 6. Instead, Plaintiff expresses disagreement with the decision, which is insufficient to support a request for reconsideration of the magistrate judge's order. *See U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) ("[a] party seeking reconsideration must show more than a disagreement" with the order at issue). Therefore, Plaintiff also fails to show the imposed opposition deadline was contrary to law.[1]

Furthermore, although Plaintiff asserts the magistrate judge wrongfully admitted exhibits attached to the declarations filed in support of the motion for summary judgment, the evidence has not yet been *admitted*. Rather, the declarations and supporting exhibits were merely filed by Defendants. The magistrate judge did not yet make findings regarding the admissibility of evidence submitted in support of the motion for summary judgment. Consequently, Plaintiff does not show error by the magistrate judge in directing him to file an opposition to the MSJ, at which time Plaintiff could challenge the evidence provided.

Finally, Plaintiff does not show the magistrate judge acted contrary to law in denying his motion to strike portions of Defendants' motion for summary judgment. Plaintiff moved to strike

---

[1] To the extent Plaintiff challenges the deadline ordered, the challenge is moot because the Court extended the briefing schedule and Plaintiff filed his opposition. (*See* Docs. 51, 59.)

under Rule 12(f) of the Federal Rules of Civil Procedure.  (Doc. 43 at 1.)  Pursuant to Rule 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Under the Federal Rules, "pleadings" include: complaints, including third-party complaints; answers to complaints, counterclaims, and crossclaims; and "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).  As a result, Defendants' motion for summary judgment is not a "pleading" that is subject to being stricken under Rule 12(f).  *See Edwards v. Juan Martinez, Inc.*, 2023 WL 7496800, at *2 (D. Nev. Nov. 9, 2023) (declining to strike a motion for summary judgment, because "Rule 12(f) does not apply to Defendants' motion or exhibits because they are not pleadings"); *see also Tolbert v. Antioch Police Dept.*, 2024 U.S. Dist. LEXIS 208142, at *4 (N.D. Cal. Nov. 15, 2024) (denying a plaintiff's motion to strike a reply to a motion for summary judgment, because a reply is not a "pleading" as defined by Rule 7(a) and "cannot be stricken under Rule 12(f)").  In addition, as the magistrate judge observed, it appeared Plaintiff's motion was based upon a scrivener's error.  Regardless, the deficiencies of Plaintiff's motion to strike could not be cured with any additional argument in a reply brief.  Thus, Plaintiff fails to show error by the magistrate judge denying his motion to strike portions of the motion for summary judgment.

## V.    Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's request for judicial notice (Doc. 48) is **DENIED**.
2. Plaintiff's requests for reconsideration (Doc. 47) are **DENIED**.

IT IS SO ORDERED.

Dated:    **November 19, 2024**

UNITED STATES DISTRICT JUDGE

6