1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   ANDRE RENEE SCOTT,                          Case No. 1:20-cv-00317 JLT HBK (PC)

12              Plaintiff,                        ORDER ADOPTING FINDINGS AND
                                                  RECOMMENDATIONS IN FULL,
13        v.                                      GRANTING DEFENDANTS' MOTION FOR
                                                  SUMMARY JUDGMENT, DENYING
14   CHARLES EDWARDS and T. YOUNG,                PLAINTIFF'S MOTION FOR SUMMARY
                                                  JUDGMENT, AND DIRECTING CLERK OF
15              Defendants.                       COURT TO CLOSE THE CASE

16                                                (Docs. 37, 46, 64)

17

18          Andre Renee Scott asserts Charles Edwards and T. Young—who provide dental care at

19   California Substance Abuse Treatment Facility—were deliberately indifferent to his serious

20   medical needs related to his number 9 tooth, in violation of his rights arising under the Eighth

21   Amendment.  (*See generally* Doc. 28.)  The parties filed cross-motions for summary judgment

22   pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Docs. 37, 46.).

23          The magistrate judge noted Defendants submitted Plaintiff's CDCR dental records, which

24   were authenticated by B. Archibald, the Chief Dentist for Policy and Risk Management at

25   CCHCS.  (Doc. 64 at 2.)  In addition, the magistrate judge observed that "Defendants Young and

26   Edwards could likewise authenticate the documents attached to their declarations based on their

27   personal knowledge from treating Plaintiff and reviewing his records in response to his health

28   care grievances."  (*Id.* at 2-3.)  Therefore, the magistrate judge accepted the submitted evidence

1    "as true and correct copies of the documents as represented in each of the sworn declarations."

2    (*Id.* at 3.)

3    The magistrate judge observed the evidence showed "[a] root canal of Plaintiff's tooth #9

4    was unsuccessfully attempted in 2007 while he was incarcerated at Kern Valley State Prison, and

5    resulted in a separated instrument, an endodontic file, being retained in Plaintiff's tooth."  (Doc.

6    64 at 10, citing Doc. 37 at 2-3, ¶¶ 4, 5, 7.)  The magistrate judge also found treatment records

7    dated October 18, 2007 indicated that "Dr. Garcia of Kern Valley State Prison stated the canal

8    was calcified and the tip of an endodontic file was broken in Scott's tooth."  (*Id.* at 11, citing

9    Doc. 37-3 at 3, ¶ 7.)  Two months later, Dr. Garcia indicated that she "stored the endodontic

10    access and the "situation [was] explained to" Plaintiff."  (*Id.*)  To the extent Plaintiff sought to

11    state a claim based upon the failed root canal, the magistrate judge found "Plaintiff's claim as to

12    the broken file tip is time barred" under the applicable statute of limitations.  (Doc. 64 at 14.)

13    The magistrate judge noted Defendants acknowledged the "dental issues constituted a

14    serious medical issue."  (Doc. 65 at 14, quoting Doc. 37 at 10.)  However, the magistrate judge

15    found "Plaintiff does not meet the second prong of medical deliberate indifference—failure to

16    respond to a prisoner's serious medical need—as to either Defendant."  (*Id.* at 15.)  The

17    magistrate judge found Edwards and Young "did not fail to properly examine, counsel, or propose

18    reasonable treatment for Plaintiff's dental needs."  (*Id.* at 17; *see also id.* at 15.)  Rather, the

19    magistrate judge noted "the unrefuted opinions of multiple dentists is that the proposed extraction

20    of tooth #9"—which Young recommended and Plaintiff declined—"was medically appropriate to

21    prevent further infection of Plaintiff's gums and avoid other serious consequences."  (*Id.*)

22    To the extent Plaintiff premised his claim upon "failure to refer him to an outside medical

23    provider," the magistrate judge found this also fails, because "[a] prison inmate has no

24    independent constitutional right to outside medical care beyond that provided by the prison

25    staff."  (Doc. 65 at 16.)  The magistrate judge explained:

26    > Only if the prison's medical staff is not competent to examine,
diagnose, and treat an inmate's medical problems must they "refer
27    > [the inmate] to others who can." *Stocker v. Nevada*, 2024 WL
4112299, at *8 (D. Nev. Aug. 12, 2024) (internal citations omitted).
28    > Here, the undisputed facts show that Defendants Young and Edwards

2

1    were both competent to diagnose and treat Plaintiff's apical infection,
     thus Plaintiff had no constitutional right to be referred to an outside
2    medical specialist.

3    (*Id.*, modification in original.)  Further, the magistrate judge found that "Plaintiff's allegations

4    amount at most to a difference of medical opinion."  (*Id.* at 15; *see also id.* at 15-17.)  The

5    magistrate judge found: "Ultimately, the undisputed facts establish that Plaintiff's refusal to

6    accept reasonable medical treatment, rather than any deliberate indifference…, was the proximate

7    cause of Plaintiff's injury."  (*Id.* at 16.)

8         Finally, the magistrate judge found "the Court need not address the issue of qualified

9    immunity," because Plaintiff did not show either Defendant violated his constitutional rights.

10   (Doc. 64 at 18.)  Nevertheless, assuming Plaintiff established a constitutional violation, the

11   magistrate judge found "Plaintiff has not shown the existence of binding authority or a robust

12   consensus of persuasive authority holding that a dentist in a correctional setting is required to

13   refer a Plaintiff for outside medical care when reasonable care is available within the institution."

14   (*Id.*)  Therefore, the magistrate judge found "under the undisputed facts in this case Defendants

15   are entitled to qualified immunity on Plaintiff's claim that he should have been referred to an

16   outside dental specialist."  (*Id.* at 19.)  The magistrate judge recommended the Court grant

17   Defendants' motion for summary judgment, deny Plaintiff's motion, and enter judgment in favor

18   of Defendants.  (*Id.* at 19.)

19        Plaintiff filed timely objections to the Findings and Recommendations.  (Doc. 69.)

20   However, Plaintiff's objections do not meaningfully respond to the specific findings of the

21   magistrate judge.  Plaintiff simply reiterates his belief that Defendants violated his constitutional

22   rights by "depriving him access to treatment," without acknowledging the undisputed medical

23   records showing the treatment offered, recommendations Defendants made, and Plaintiff's own

24   refusals.  (*See id.* at 5-6.)  Although Plaintiff maintains he had a right to outside treatment (*id.* at

25   6), this also is contrary to well-established law.  *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th

26   Cir. 1986); *see also Amarir v. Hill*, 243 Fed. Appx. 353, 354 (9th Cir. 2007) (finding a

27   physician's denial of the plaintiff's "request to see an outside specialist… did not amount to

28   deliberate indifference" because "[a] prison inmate has no independent constitutional right to

1    outside medical care supplemental or additional to the medical care provided by the prison staff

2    within the institution").  Finally, to the extent Plaintiff maintains Defendants are not entitled to

3    qualified immunity (*see id.* 5-6, 8-9), the Court need not address the issue because Plaintiff did

4    not show a violation of his constitutional rights.  *See Saycuer v. Katz*, 533 U.S. 194, 201 (2001)

5    (if a constitutional right is not established, "there is no necessity for further inquiries concerning

6    qualified immunity"); *Fouts v. County of Clark*, 76 Fed. Appx. 825 (9th Cir. 2003 (the court

7    "need not reach the issue whether the individual defendants are entitled to qualified immunity

8    because there has been no violation of a constitutional right").

9            According to 28 U.S.C. § 636(b)(1)(C), the Court performed a *de novo* review of this

10   case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds

11   the Findings and Recommendation to be supported by the record and by proper analysis.  Thus,

12   the Court **ORDERS**:

13           1.    The Findings and Recommendations dated November 20, 2024 (Doc. 64), are

14                 **ADOPTED** in full.

15           2.    Defendants' motion for summary judgment (Doc. 37) is **GRANTED**.

16           3.    Plaintiff's motion for summary judgment (Doc. 46) is **DENIED**.

17           4.    The Clerk of Court is directed to enter judgment in favor of Defendants Young and

18                 Edwards, and against Plaintiff Andre Renee Scott, and to close this case.

19

20   IT IS SO ORDERED.

21       Dated:   **March 10, 2025**

                                                    UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

                                            4